## COLEMAN vs. HOLMES.

[ACTION ON PROMISSORY NOTE—STATUTE OF LIMITATIONS.]

1. *Statute of limitations ; for what length of time suspended in Alabama.*—The statute of limitations was suspended in this State from 11th day of January, 1861, to the 21st day of September, 1865 ; that being the period within which no legal civil courts existed in which the people of this State were compellable to have their causes adjudicated. (PETERS, J., *dissenting*.)

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The appellant sued the appellee on the 10th of September, 1868, on a promissory note which was due the 1st day of January, 1861. The defendant pleaded the statute of limitations of six years, and upon this plea issue was joined The note being the only evidence in the case, the court instructed the jury to find for the defendant, and the plaintiff excepted, and now assigns the charge of the court for error.

Section 2 of ordinance No. 5, of the convention of 1865, adopted 21st September, 1865, is as follows : "Section 2. In computing the time necessary to create the bar of the statutes of limitations and non-claim, the time elapsing between the 11th day of January, 1861, and the passage of this ordinance, shall not be estimated."

The legislature repealed this section of the ordinance, by the act of December 4th, 1868, which, after repealing said section, enacts that it "shall have no effect on any debt or claim, just as if it had never been in force, any law to the contrary notwithstanding."—Acts 1868, p. 391.

W. C. Oates, for appellant.

J. A. Corbitt, contra.

B. F. SAFFOLD, J.—Statutes of limitation are serviceable, for the protection of debtors against stale demands, in discouragement of the laches of creditors, to restrain litigation, and for the purpose of quieting titles and giving proper latitude to the disposition of property. They are said to affect the remedy and not the debt in actions ex contractu, but in reference to property, the prescription completed vests the title, extinguishing the adverse right as well as the remedy. Too nice a distinction has perhaps been made in this respect. The application of the lex fori to them probably originated from the principle of comity on which the courts of one nation enforced the contracts made in another. Under the restrictions of our Federal and State constitutions a statute of limitations which should not give a reasonable time after its passage for the commencement of suits upon existing causes of action, would be void.—Cooley on Const. Lim. 366. So, a subsequent

repeal of the limitation law under which title to property had been acquired could not be given a retroactive effect to disturb this title.—*Brent v. Chapman*, 5 Cranch, 358; *Leffingwell v. Warren*, 2 Black. 599; Cooley on Const. Lim. 365.

The convention of 1865 ordained that in computing the time necessary to create the bar of the statute of limitations and non-claim, the time elapsing between the 11th of January, 1861, and the passage of the ordinance shall not be estimated.—Rev. Code, p. 53; Ord. 5, § 2. The legislature, on the 4th of December, 1868, repealed this section.—Acts 1868, p. 391.

Both of these enactments, on account of their sweeping character, are amenable to one or the other of the constitutional prohibitions above referred to. It is, however, insisted, with strong array of authority to support it, that the ordinance may revive the remedy, already barred, on contracts for the payment of money, as well as efface the specified time elapsed, on those not barred at the date of its passage. I doubt the wisdom and justice of the distinction which devotes the property, undoubtedly his, of a debtor to the payment of a debt he may not owe, while it leaves a trespasser in possession of property to which, he may be willing to admit, his only title is the prescription.

It is unnecessary to determine the effect of this legislation, as the conclusion to which the court has come may be maintained on other incontestable grounds of justice and precedent.

Section 2924 of the Revised Code suspends the statute of limitations during the continuance of war between the United States and a foreign power, when either party to a contract is a subject or citizen thereof. Section 2908 deducts the period of absence from the State during which a suit might otherwise have been commenced against a party. There is no express provision of our law for a case where the courts have been interrupted by civil commotion, or for one, like this, when the rightful power had been excluded from the State by force, and another, hostile to it and insurrectionary, substituted instead. We must therefore re-

sort to analogy and a sense of justice for a proper deter-
mination of what is law.

The spirit of section 2903 is, that a party against whom
a suit may have been commenced, must have been all the
time within the jurisdiction of the courts of the State hav-
ing cognizance of the cause of action, and not merely within
the territorial limits of the State. In the case of *Smith,
Adm'r, v. The Heirs of Bond,* (8 Ala. 386,) the defendant
had left the State, but had returned, and resided in the
Choctaw nation within the State and in what is now called
Sumter county, but without the jurisdiction of the courts
of the State. This court held, that the debtor, to avail
himself of the lapse of time, must have been all the time
within the jurisdiction of the State so that he might have
been sued. In the case of *Slight v. Kane,* (1 Johns. Cases,
p. 76,) the question was, whether the defendant was in the
State of New York at a particular time. The portion of
the State in which he was, was within the British lines du-
ring the war of the revolution. The court held, that he
was not within the State within the meaning of the statute,
because he was out of its jurisdiction, where the authority
which was exercised was not derived from the State. No
writ of the State could run there, consequently no suit
could be brought against him there.

In *Hanger v. Abbott,* (6 Wall. 532,) the supreme court of
the United States decided that the time during which the
courts in the lately rebellious States were closed to the cit-
izens of the loyal States, is, in suits brought by them since,
to be excluded from the computation of the time fixed by
statutes of limitation within which suits may be brought;
though exception for such cause be not provided for in the
statutes. Justice Clifford delivered an elaborate opinion,
which applies as fitly to this case as to that. We know ju-
dicially that at the time this note became due, and for
more than four years afterwards, the courts of this State
were in a position of hostility and revolt towards the Uni-
ted States and the Federal constitution. The courts of
the rightful State government when restored, can not, with
any propriety, hold a citizen bound to sue in the courts

set up by the government of force in opposition to the rightful government.

The ordinance of September 21, 1865, may be considered as a declaration by representatives of the people that the State courts, under proper authority, were again open for the transaction of business, and that the laws were taking their due course. It has been so regarded and acquiesced in by the people since that time.

We, therefore, decide that the statute of limitations was suspended in this State from the 11th day of January, 1861, the date when the relations of the State with the United States were disturbed, to the 21st day of September, 1865; that being the period within which no legal civil courts existed in which the people of the State were compellable to have their cases adjudicated.

As six years had not intervened between the maturity of the note and the commencement of the suit, after deducting the period above mentioned, the judgment of the circuit court is reversed and the cause remanded.

PETERS, J., *(dissenting.)*—The statute of limitations is a law fixing the period at the end of which no action at law or suit in equity can be maintained.—Ang. on Limit. p. 251.

All such laws, in this State, must be made by the general assembly of the State, because all the legislative power of the State is vested in that body. Such are the words of the constitution itself.—Const. of Ala. 1867, art. 4, § 1, *et seq.* There is no power in the courts to make laws, or to modify the laws enacted by the general assembly, either by their constructions or by their judgments. To do so would be an evasion of the constitution, not the construction of a statute.—Const. Ala. 1867, art. 3.

The statute law of this State upon the matter of limitations is all the law there is upon this subject. When a statute revises the common law or a former statute upon the same subject matter, the common law and the former statute both are repealed, unless there is a saving clause in the revising statute. This is a rule without exceptions. —Smith's Com. on Statutes, p. 904, §§ 786, 787, and cases

Coleman v. Holmes.

cited. Then the law, as found in the Revised Code, comprehends all the law upon the question of limitations in force in this State; except such changes as have been made since the Code was published.

So far as this case is concerned this law is in these words: "Civil suits must be commenced after the cause of action has accrued, *within* the periods prescribed in this chapter, *and not afterwards.*"—Rev. Code, § 2898. And when the action is founded upon a promissory note or writing not under seal, as is the case here, the limitation is "six years," unless the case falls within some of the extensions or exceptions appended to the act in the Revised Code.—Rev. Code, § 2101, cl. 3. This language is not only direct and positive, as to the length of time necessary to elapse in order to constitute a bar, but it forbids the commencement of the suit after that time has elapsed. It defines the time precisely, and declares that no action shall be brought after that time has expired, except as stated in the act itself. The language of this act is wholly devoid of any doubt. The words are perfectly plain, and free from all ambiguity. The period of time that bars the action is six years from the day of the falling due of the note. This time can not be lengthened or shortened by the court, unless there is authority for this found in the statute itself. The statute mentions certain exceptions to the periods of limitations named in the act. These exceptions, so designated, exclude all other exceptions, upon the principle, that the thing expressed excludes the thing omitted. *Designatio unius est exclusio alterius.*—4 Coke, 80, *b.;* Broom's Max. 278, 279; 3 Story, 87, 89.

All the exceptions which the law permits in this State, are mentioned in the statute. Beside these, there are no others. *Expressum facit cessare tacitum.*—Smith's Com. Stat. p. 655; *Marberry v. Madison*, 6 Cranch.

Here the exception, which it is presumed suspends the statute, is the interposition of the war of the late rebellion. This is not one of the exceptions mentioned in the act. Then, with all respect for the opinion of the majority of the court, it seems to me that its introduction here is an act of legislation, and not an act of construction. It

adds a *proviso* to the act, that is not found in it, or it gives a construction to its words which they will not allow. During the rebellion, there was no "war between the United States and a foreign country;" nor was the language used intended to apply to a rebellion. This was the opinion of the convention of 1865, and that body passed an ordinance to remedy that omission.—Ordn. 1865, No. 5; Revised Code, p. 53. But this ordinance, if it was entitled to any force as a legislative act, was repealed before the trial of this cause, in the court below. The repeal destroyed its force.—Pamphlet Acts 1868, page 391, No. 28.

It is respectfully submitted, that the authorities relied on by my brothers, in the opinion and judgment of the majority of the court, are not applicable to this case. They are not founded on constructions of the law of limitations of Alabama, as it now exists. This latter is the law that must govern the judgments of the courts of this State. And constructions outside of our statute are not authorities in this court.

Most clearly, the construction I am combatting *re-instates* the ordinance of the convention of 1865, without legislative enactment; and even in the face of a legislative enactment, which plainly negatives, if it does not forbid, the above construction, by the majority of the court.

I feel unwilling to sanction such a line of argument, where there is no constitutional question involved, as it seems to me is the case in this instance. Here the statute is plain, unambiguous, and not susceptible of misapprehension. It covers the whole subject of limitations in this State. In such cases, the statute is the only law. And the extension of the period of limitation that saves this cause from affirmance is not found in it, in express terms. And it seems to me that no safe legal logic will allow its derivation from construction.

The note, here sued on, fell due on the first day of January, 1861, and the suit was not brought on it until September 10, 1868, above seven years after the action accrued. It was barred by the statute.

I therefore think that the judgment of the court below was correct, and that the judgment should in all things be affirmed.