This is the third appeal of this case. In R.L. Reid, Inc. v.Plant, Ala., 350 So.2d 1022 (1977), we reversed and remanded a judgment in favor of the plaintiff because she had failed to show by the evidence that the defendant Reid had breached any duty owing to her decedent. The facts out of which the controversy arises are sufficiently stated in that opinion and need not be restated here. On remand, the trial court granted the defendant's motion for summary judgment and the plaintiff appealed.
The theory of the plaintiff's case was and is that Reid was negligent in failing to specify a guard to shield the nip point of the head pulley in plans and specifications for modifying the bulk loading facility at the State Docks. The plaintiff concedes that the contract between the State Docks and Reid did not call for any safety features. She contends, however, that a guard of some kind would commonly have been recommended by engineers on such projects in 1964, that Reid owed a duty to third *Page 306 
persons to specify such guards, and was negligent in failing to do so. Although the evidence adduced at trial before the prior appeal established that the State Docks did not follow all of Reid's specifications, the plaintiff did have evidence by the chief engineer of the State Docks that had the specifications included a guard over the nip point (where Mr. Plant met his death), he knew of no reason why it would not have been installed. If the standards of the profession in 1964 required engineers to include safety features in all plans and specifications and if to meet established safety standards a guard was required, Reid could be found to have breached its duty in not specifying such guards. Whether its failure to do so was the proximate cause of Mr. Plant's death, even though the State Docks did not adopt all of Reid's plans, is a fact question.
On the last appeal, we held that the plaintiff's evidence was deficient in that it consisted only of an opinion by an expert who did not testify that the state of the art in 1964 required that guards be specified by engineers whether engaged to include safety features in plans or otherwise.
In opposition to the defendant's motion for summary judgment, on remand, plaintiff has now offered the affidavit of another expert, Mr. Homer Thornhill, Jr., which is as follows:
"AFFIDAVIT
 "STATE OF TEXAS COUNTY OF HARRIS
 "Before me, the undersigned authority in and for said County and State, personally appeared HOMER THORNHILL, JR., who being first by me duly sworn doth depose and say as follows:
 "`My name is Homer Thornhill, Jr., and I have been a licensed registered engineer since 11/7/61 and I am licensed (or registered) engineer in the state of Texas. I have reviewed voluminous material concerning the Defendant, R.L. Reid, Inc.'s Motion for Summary Judgment and it is my opinion that R.L. Reid, Inc.'s conduct in preparing the plans and specifications did not meet with standards of conduct imposed on licensed engineers in Alabama at that time. Even though the plans and specifications did not call for a `guard' at nip hazard, an engineer has a professional responsibility to incorporate safety features in his plans. In my professional opinion, safety was extremely important consideration in the design of machinery and equipment such as the conveyor system involved in this case prior to 1964. At the time of the revisions on the bulk handling equipment, the engineer should have recognized the extremely dangerous nip hazard and in the course of modernization of the equipment it should have been brought up to safety standards applicable in 1964. There were very basic simple guards available and in use throughout 1964 that would have virtually eliminated the hazard complained of in this law suit.
 "Sufficient work was performed to accomplish the increase in capacity of the conveyor system that was desired by the State Docks. Even though the original system might have been reinstalled at the time of the accident, this would not have affected the guard that would have been in place had the engineer specified it.'
 /s/ Homer Thornhill, Jr.
HOMER THORNHILL, JR.
 "Sworn and subscribed to before me this 3rd day of May, 1978.
 /s/ Viola Y. Jaudon
Viola Y. Jaudon NOTARY PUBLIC in and for Harris County, Texas My commission expires 11/30/78"
We again reverse and remand.
By affidavit, the plaintiff has offered the statement of an expert, whose opinion may or may not be accepted by the jury, that, in his opinion Reid's conduct in preparing the plans and specifications did not meet the standards of conduct imposed on licensed engineers in Alabama at the time the plans and specifications were prepared (1964). This testimony supplies *Page 307 
inferences from which a jury may conclude that Reid had a duty to specify guards, and that its failure to recommend guards in the plans and specifications submitted for modification of the bulk loading facility at the State Docks fell short of the safety standards applicable to and practiced by professional engineers in 1964. It is a jury's function to determine whether a given hazard was foreseeably great enough to make particular conduct negligent.
True, it remains Reid's position that guards were not necessary because, first, it did not undertake to make safety recommendations and was not asked to do so; and, second, had the plans and specifications prepared by it been followed by the State Docks, the need for a guard would not have existed. The plaintiff's position is that an engineer had a professional responsibility to incorporate safety features in all plans and specifications; and this responsibility could not be discharged in 1964 in designing the modifications on the bulk loading facility at the State Docks without specifying guards.
This, in itself, creates an issue of fact, mandating reversal of the trial court's order granting the defendant's motion for summary judgment.
Although the plaintiff has the burden of reasonably satisfying a jury from all of the evidence that the defendant owed her decedent a duty and that it breached that duty, proximately causing the death of her decedent, the defendant, as movant for summary judgment, must carry the burden of negating the existence of any issue of fact. Donald v. CityNational Bank, 295 Ala. 320, 329 So.2d 92 (1976). Reid has failed to carry that burden. Upon a consideration of the motion for summary judgment and the evidence adduced in connection with that motion, we cannot say, as a matter of law, that the defendant owed no duty to the plaintiff's decedent or that if so, the duty was not breached in the instant case. Neither can we say, as a matter of law, that a duty existed and was breached. Whether such a duty existed and whether it was breached are matters for the jury, based upon the evidence.Hall v. Dexter Gas Co., 277 Ala. 360, 170 So.2d 796 (1964). The plaintiff is entitled to attempt to convince a jury that Reid owed a duty to her decedent, and breached it, proximately resulting in the decedent's death. Because the evidence produced by the plaintiff's affidavit, in opposition to the motion for summary judgment, furnished evidence from which the jury may draw an inference in support of her theory of liability, the trial court erroneously granted summary judgment in favor of the defendant.
REVERSED AND REMANDED.
FAULKNER, JONES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and BLOODWORTH and MADDOX, JJ., dissent.