403 So.2d 158 (1981)
Samuel Bert REESE, II, a minor, etc.
v.
RANKIN FITE MEMORIAL HOSPITAL, et al.
79-129.
Supreme Court of Alabama.
July 10, 1981.
Rehearing Denied August 21, 1981.
*159 Clifford Emond, Jr., and Lloyd W. Gathings of Emond & Vines, Birmingham, for appellants.
Sam M. Phelps and Eugene A. Beatty of Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, for appellee Rankin Fite Memorial Hospital.
Edward R. Jackson of Tweedy, Jackson & Beech, Jasper, for appellee Dr. Aubrey L. Sewell.
PER CURIAM.
Defendants Rankin Fite Memorial Hospital and Dr. Aubrey Sewell filed motions in the Circuit Court of Marion County seeking to dismiss Samuel Reese's complaint. This is an appeal from a final judgment granting those motions.
On February 5, 1979, Samuel Bert Reese, II, a minor by and through his father, filed a medical malpractice action against Rankin Fite Hospital and Dr. Sewell. Reese's complaint alleged that the hospital and the doctor negligently administered excessive amounts of oxygen to Reese immediately following his birth on August 18, 1968. Reese further alleged that he suffered total and permanent blindness as a result of the alleged negligence. On June 12, 1979, Reese amended his complaint to include a *160 count for breach of contract implied-in-fact. Dr. Sewell and Rankin Fite Hospital moved to dismiss on the grounds that the action was timed barred under Code 1975, § 6-5-482. The hospital further asserted sovereign immunity as a ground for dismissal. On October 3, 1979, the judge granted the dismissals. Reese appeals.
This appeal involves a constitutional attack, both state and federal, upon § 6-5-482, the statute of limitations of the Alabama Medical Liability Act. The following issues are presented:
1. Does § 6-5-482 violate § 45 of the Alabama Constitution, which requires that: (1) each act shall contain a single subject; and (2) the subject must be clearly expressed in the title of the act?
2. Does § 6-5-482 violate the equal protection provisions of the Alabama and the United States Constitutions?
3. Does § 6-5-482 constitute special legislation violative of §§ 104, 105, and 108 of the Alabama Constitution?
Section 6-5-482 provides in pertinent part:
(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.
(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation...; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four yeas of age, such minor shall have until his eighth birthday to commence such action. [Emphasis added.]
This appeal more specifically concerns subsection (b) as it addresses the effect of the minority of the plaintiff in medical malpractice actions.
In the recent case of Thomas v. Niemann, 397 So.2d 90 (Ala. 1981), the Court held that § 6-5-482 does not violate the single subject/express title requirement of § 45 of the Alabama Constitution. We reaffirm that holding.
Reese next argues that § 6-5-482 violates the due process and equal protection provisions of both the state and federal constitutions. We cannot agree. The basis of this argument is that the statute treats minors injured through medical malpractice differently from minor victims of other torts. He points out that over one hundred years ago by act now carried in the Code at § 6-2-8, the legislature provided that the statute of limitations was suspended during minority and that the removal of that suspension for medical malpractice claims rendered the Medical Malpractice Act unconstitutional on equal protection grounds. Again, we cannot agree.
The policy considerations leading up to the passage of the Alabama Medical Liability Act are stated in the legislation itself. The preamble to § 6-5-482 in Acts 1975, No. 513, § 2, reads as follows:
It is hereby declared by the Legislature of the State of Alabama that the availability of medical liability insurance at reasonable rates for the medical profession, medical institutions, and other health care providers is essential to provide adequate health services to the people of Alabama, and without such insurance, *161 medical services by the medical profession may be curtailed, and that while the need for such insurance is increasing, availability is limited and likely to become increasingly so, unless remedial legislation is enacted. The Legislature further finds and declares that by reason of complicated and highly technical medical concepts, and the existence of sophisticated medical techniques, decisions with respect to optional procedures of diagnosis and treatment have become increasingly complex and are necessarily made on the basis of professional judgment, on which opinions may and often will reasonably vary. It is the purpose of this act to insure that the citizens of the State of Alabama are able to receive necessary health services by providing an environment in which the medical profession can be assured of medical liability insurance coverage and be afforded reasonable protection against personal liability for consequences proximately resulting from decisions with respect to diagnosis and treatment arrived at in the bona fide exercise of professional judgment.
To withstand an equal protection challenge, the Court need only find that the classification made by the legislature is not arbitrary or unreasonable. As this Court recently held in Tyson v. Johns-Manville Sales Corporation, 399 So.2d 263 (Ala. 1981):
A statutory discrimination between classes is held to be relevant to a permissible legislative purpose if any state of facts reasonably may be conceived to justify it.
The Medical Liability Act was the legislature's response to a crisis which developed nationwide in the 1970's. We cannot say that the equal protection provisions of the Constitution restrict its authority to withdraw the legislative grace given minors in § 6-2-8 in the field of medical malpractice claims.
We note that a number of other states passed similar legislation during this period. While we might have drafted a different act, we cannot substitute our judgment for that of the legislative branch, whose enactments come to us clothed with a presumption of validity. Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810 (1944), stated this principle as follows:
At the outset reference may be made, as is often done, to the principles by which courts are guided when it is sought to strike down as violative of the constitution a legislative act. Uniformly, the courts recognize that this power is a delicate one, and to be used with great caution. It should be borne in mind, also, that legislative power is not derived either from the state or federal constitutions. These instruments are only limitations upon the power. Apart from limitations imposed by these fundamental charters of government, the power of the legislature has no bounds and is as plenary as that of the British Parliament. It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law. State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283.
Another principle which is recognized with practical unanimity, and leading to the same end, is that the courts do not hold statutes invalid because they think there are elements therein which are violative of natural justice or in conflict with the court's notions of natural, social, or political rights of the citizen, not guaranteed by the constitution itself. Nor even if the courts think the act is harsh or in some degree unfair, and presents chances for abuse, or is of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern. This principle is embraced within the simple statement *162 that the only question for the court to decide is one of power, not of expediency or wisdom.
246 Ala. at 9-10, 18 So.2d 810.
We hold that the Medical Liability act does not offend either the due process or the equal protection provisions of the state or federal constitutions.
The last argument made is that the act violates §§ 104, 105, and 108 of the state constitution. Again, we disagree. All three of these constitutional provisions deny to the legislature power to enact special, private, or local laws. Such laws are defined in § 110 of the Constitution. The Alabama Medical Liability Act does not fall within the constitutional definition of special, private, or local laws. Rather, it is a general law as defined by that section: "A general law within the meaning of this article is a law which applies to the whole state...." It operates throughout the state alike on all the people or all the people of a class. Holt v. Mayor of Birmingham, 111 Ala. 369, 19 So. 735 (1896).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, ALMON, SHORES and ADAMS, JJ., concur.
JONES, J., concurs specially.
FAULKNER and EMBRY, JJ., dissent.
BEATTY, J., recused.
JONES, Justice (concurring specially):
I concur to affirm. This is a hard case because of its facts. How is a blind child (blind allegedly as the consequence of the medical malpractice made the basis of the claim) to be held responsible for not bringing his claim within the one-year grace period under the act? In other words, the statute, literally construed, gives this minor exactly the same length of time to bring his suit as it gives to an adult. The "eighth birthday" provision is of no comfort because this child was eight years of age before "the expiration of one year from [September 23, 1975the effective date of the Act]."
Did the Legislature intend such a harsh result under these circumstances? While I may entertain serious doubts that it in fact so intended, the Act is not ambiguous in this regard. It differentiates between adults and minors only to the extent that it permits "a minor under four years of age [at the time of injury] ... until his eighth birthday to commence such action." Here, of course, because his eighth birthday was less than one year after September 23, 1975, the last date for timely filing would have been September 23, 1976.
The only question, then, is whether the statute as written exceeds constitutional bounds. A majority of this Court says, "No"; and I agree. The strongest argument against constitutional validity, in my opinion, is the one not addressed by either the majority or the dissent: that the statute's limitation of action applicable to minors is violative of § 13 of the State Constitution. Indeed, this was the basis for my dissent in Boehlert v. Royal Globe Insurance Company, 297 So.2d 108 (Ala. 1981).
There, I felt that the right of action for wrongful death, though created by statute, had become part of the organic fabric of our law; and, its legislative origin notwithstanding, the fundamental character of the right of action was embraced within the proscription of § 13. My reasoning is founded upon the simple proposition that the legislative branch does not occupy an inferior role to that of the judicial branch of our governmentthat the two branches, along with tradition and custom, constitute the three equal sources of our law. Once a right, whatever its source, acquires, through time-tested usage, the status of a fundamental right, it falls within the protective cloak of § 13; and the courts are mandated to invalidate any legislative abolition of such rights. In my opinion, the right of action for wrongful death meets this "fundamental right" test, thus my dissent in Boehlert v. Royal Globe Insurance Company, supra.
The legislative abolition of a cause of action for wrongful death, however, is a totally different proposition from that of a *163 legislative modification of a time within which an action may be commenced. Here, no cause of action has been abolished. Instead, the statute of limitations with respect to minors has been changed; and the validity of this change is subject only to the test of reasonableness.[1] Given the "pure" statute of limitations interpretation of the health care malpractice statute (see my concurring opinion in Thomas v. Niemann, 397 So.2d 90, 93 (Ala. 1981)), I cannot conclude that the two-year period of limitation from the accrual of the cause of action (in this instance, one year from the effective date of the Act) for a minor eight years of age is unreasonable.[2]
EMBRY, Justice (dissenting):
The Alabama Constitution of 1901 provides in Article IV at § 45: "... Each law shall contain but one subject which shall be clearly expressed in its title, except general appropriation bills, general revenue bills and bills adopting a code, digest or revision of statutes...."
Act No. 513, Acts 1975, contains sixteen sections. Of those, § 4 creates a new statute of limitations for medical liability actions; § 5 prohibits ad damnum clauses in medical liability complaints; § 6 establishes the duty of care owed to a patient by a physician, surgeon, dentist and hospital; § 8 allows parties to a medical liability claim to settle the claim by arbitration; § 10 allows defendants in medical liability actions an optional method for payment of judgments in excess of $100,000; and § 11 provides that advance payments in medical liability actions by the defendant or his insurer are not admissible until there is a final judgment in favor of the plaintiff. These sections relate to medical liability actions and are codified at Code 1975, §§ 6-5-482 through 6-5-487.
I am of the opinion that Act No. 513 is unconstitutional because it contains more than one subject, in contravention of the provisions of § 45 of the Constitution of Alabama of 1901. It is evident from the title as well as the provisions of the act that the act deals with both medical liability actions and medical liability insurance. Thus, it is apparent the act deals with, at the very least, two separate subjects. As will be seen, it is my opinion that it deals with even more and runs afoul of § 45:
The purposes of the "single subject" requirement Const. of Ala., 1901, § 45, are generally stated as: (a) notification to the public of the nature of the pending legislation; (b) avoidance of fraud on the legislature by inadvertent passage of provisions not related to the title, and; (c) prevention of logrolling legislation. [Citations omitted.] The title of a bill need not specify every provision contained. The "one subject" test of § 45 is satisfied when the bill's provisions are all referable to and cognate of the subject of the bill.
Opinion of the Justices, 294 Ala. 555, 564, 319 So.2d 682, 691 (1975).
I am not able to conclude that the provisions of Act No. 513 satisfy the "one subject" test. Although there may be some relationship between medical liability and insurance covering such liability, it is clear that this act is susceptible to the very danger sought to be avoided by the constitutional prohibition against an act containing more than one subject. Provisions of this act cover a wide diversity of topics ranging from the statute of limitations, the amendment of the suspension of limitations as to minors, the form of a complaint and the duty of care applicable in medical liability actions, to the organization, regulation, and reporting requirements of medical liability insurance carriers. Therefore, Act No. 513, Acts 1975, with its § 4 relating to the *164 statute of limitations, and special suspension of limitations as to minors is unconstitutional as originally enacted, in my judgment.
Section 4 was codified as Code 1975, § 6-5-482, when Act No. 20, Acts 1977, adopted the 1975 Code. I would therefore consider whether Act No. 20, adopting the 1975 Code effective 31 October 1977, made Code 1975, § 6-5-482, constitutionally valid. An act adopting a code of laws is not constitutionally required to contain only one subject, Gibson v. State, 214 Ala. 38, 106 So. 231 (1925); Bluthenthal v. Trager & Co., 131 Ala. 639, 31 So. 622 (1901); therefore, as of 31 October 1977, Code 1975, § 6-5-482, was constitutionally enacted.
Section 6-5-482 provides:
(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claims, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.
(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30 and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action. (Acts 1975, No. 513, § 4.)
A statute of limitations is generally viewed as a remedial statute so that the statute in effect at the time suit is filed rather than the one in effect at the time of the accrual of the cause of action applies unless the later statute clearly states to the contrary. Street v. City of Anniston, 381 So.2d 26 (Ala. 1980). Furthermore, the legislature may create or shorten periods of limitation provided a reasonable time is allowed for existing causes of action to be brought. Street, supra; Coleman v. Holmes, 44 Ala. 124 (1870). This enactment does not, however, provide such a reasonable time for existing causes of action to be filed. At the time Code 1975, § 6-5-482, became effective by virtue of Act No. 20, Acts 1977, on 31 October of that year, it provided only that actions might be commenced on claims accruing before 23 September 1975 within a year after 23 September 1975. Therefore, at the time it became a part of the Code, it was ineffective to provide a year from 23 September 1975 within which to file claims accruing before 23 September 1975. Prior to 31 October 1977, since Act No. 513 was constitutionally infirm, a plaintiff was allowed two years from the act or omission giving rise to a cause of action for medical malpractice in which to commence an action. If the cause of action were not discovered, or could not reasonably have been discovered by the plaintiff within two years, then the plaintiff was allowed an additional six months from the time of discovery to commence an action, provided the action was commenced within six years after the act giving rise to the cause of action. Tit. 7, § 25(1), Code 1940 as amended (Recompiled 1958).
Additionally, because Samuel Bert Reese, II, was a minor at the time of the acts complained of, Tit. 7, § 36, Code 1940 as amended (Recompiled 1958) (presently Code 1975, § 6-2-8), suspended the running of the limitations period as to him until he attained majority. When this action was commenced on 5 February 1979, Samuel *165 Bert Reese, II, was 11 years old and therefore under provisions of law prior to the effective date of § 6-5-482 his action was timely commenced. Because no provision was made for a reasonable time in which to commence an action on a claim in existence prior to 31 October 1977, and which was not barred prior to 31 October 1977, Code 1975, § 6-5-482, is ineffective as against those claims. The statute of limitations applicable to such claims was the statute in effect prior to the effective date of Code 1975, § 6-5-482: 31 October 1977.
I would hold Act No. 513, Acts, 1975, Code 1975, § 6-5-480 et seq., Medical Liability Actions, invalid in its entirety. Not only would I do this on the bases that I attempted to articulate in my dissent in Thomas v. Niemann, 397 So.2d 90 (Ala. 1981), but in addition would hold that the act is in violation of the equal protection and due process provisions of the Alabama and United States Constitutions.
For the reasons I have stated, I would reverse the judgment below and remand the case for trial on its merits.
FAULKNER, J., concurs.
NOTES
[1] Similarly, the Alabama Workmen's Compensation Act provides a one-year statute of limitations for all claimants, including minors.
[2] I have used the "eight years of age" reference because of the particular facts of this case. Admittedly, the literal provisions of the Act apply the two-year period of limitations to all persons, including minors whose causes of action accrue on or after their fourth birthday. Nothing I have said, however, is to be construed as passing upon the reasonableness of the one year limitation for a minor between four and eight years of age.