SHORES, Justice.
On July 20, 1982, Timmy R. Cleveland was injured on the job while working for the Alabama Highway Department as a flagman on a road crew in Franklin County. The accident occurred when a dump truck owned by Blue Star Ready Mix was unable to come to a stop while travelling down a hill and collided with a parked truck, causing the parked truck to hit Cleveland.
On May 9, 1983, Cleveland filed suit against Blue Star, alleging negligence and wantonness in the maintenance, loading, and operation of the truck. In its amended answer, Blue Star alleged that Timmy R. Cleveland was a minor and, hence, lacked capacity to sue in his own name. The complaint was amended on October 19, 1983, to reflect that Timmy R. Cleveland, a minor, was bringing the suit by and through his father and next friend, Thomas Cleveland, and that Thomas Cleveland was suing for medical expenses in his individual capacity.
The cause was tried before a jury, which entered a verdict in favor of Timmy R. Cleveland, by and through his father and next friend, Thomas Cleveland, in the amount of $150,000.00, and in favor of Thomas Cleveland, individually, in the amount of $7,216.51. Blue Star appealed from the judgment entered on the verdict. We affirm.
Blue Star contends that the trial court erred by allowing the amendment of the complaint, which it claims effected a complete change of parties in this case. Thus, the only recourse for the plaintiffs, if Blue Star is correct in this argument, would be to refile the action.[1] Rule 17(a), Alabama Rules of Civil Procedure, however, provides:
“No action shall be dismissed on the ground that it is not in the name of the real party in interest until a reasonable time has been allowed after objection for -ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such rat *499 ification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.”
The committee comments to subsection (a) explain:
“This subsection specifically provides that substitution of plaintiffs in order to bring the real party in interest before the court shall have the same effect had the action been commenced in the name of the real party in interest. This, in effect, makes the doctrine in relation back to amendments changing parties applicable to plaintiffs and is the companion to similar treatment for defendants found in Rule 15.”
In Board of Water and Sewer Commissioners of the City of Mobile v. McDonald, 56 Ala.App. 426, 322 So.2d 717 (1975), cert. denied, 295 Ala. 392, 322 So.2d 722 (1975), the Court of Civil Appeals considered the relation back of amendments under Rules 15(c) and 17(a) and wrote:
“Rule 15(c) provides specifically the conditions under which an amendment relates back. When an amendment is to a claim or defense, it relates back if it arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading except as may be provided in Rule 13(c). An amendment changing parties plaintiff relates back if the claim of the new party arose out of the same transaction, conduct or occurrence as that set forth in the original pleading, and if the defendant, within the period provided by law for commencing the action against him (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the substituted or joined party would have brought the action against him.
“6 Wright & Miller [Federal Practice and Procedure, § 1501] puts the sense of the rule in the following:
“ ‘As long as defendant is fully apprised of the claim arising from specified conduct and has fully prepared to defend the action against him, his ability to protect himself will not be preju-dicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems to be particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction or occurrence set forth in the original pleading.
“ ‘The courts seem to concentrate on the notice and identity of interest factors as they do in the case of amendments changing defendants. Thus an amendment substituting a new plaintiff has been held to relate back if the added plaintiff is the real party in interest. As the Advisory Committee Note to the 1966 amendment to Rule 15(c) indicates, the liberal attitudes toward substitution of the real party in interest prescribed by both Rule 17(a) and Rule 15(c) are closely related.’
“Some federal courts have applied Rule 15(c) and Rule 17(a) of the Federal Rules in tandem to prevent dismissal of the action and to allow an amendment substituting the real party in interest to relate back. Crowder v. Gordons Transports, Inc., 8 Cir., 387 F.2d 413. We agree with Wright & Miller, supra, that the same result may be reached through Rule 17(a) without resort to Rule 15(c).”
56 Ala.App. at 430-431, 322 So.2d 721. See also, Manning v. Zapata, 350 So.2d 1045 (Ala.Civ.App.1977).
When a minor sues through a next friend, the minor remains the real party in interest to the suit. Maples v. Chinese Palace, Inc., 389 So.2d 120 (Ala.1980). Thus, this action, though originally brought by Timmy R. Cleveland, the minor, individually, was not subject to dismissal on the ground that it was not brought in the name of the real party in interest.
*500 With respect to Thomas Cleveland, the father, it is clear that Blue Star was fully apprised of the occurrence giving rise to his claim for the medical expenses of Timmy R. Cleveland and was not prejudiced by the amendment to the complaint adding him as a party plaintiff. We hold, therefore, that the amendment to the complaint adding Thomas Cleveland as a plaintiff in this action relates back to the filing of the original complaint on May 9, 1983.
Blue Star argues that the jury verdict was “so excessive as to indicate bias or prejudice or else a failure on the part of the jury to properly comprehend the issues involved in the ease.” Consequently, Blue Star argues that the trial court erred by denying its motion for a new trial. We disagree.
In Hickox v. Vester Morgan, Inc., 439 So.2d 95 (Ala.1983), this Court noted:
“Assessment of damages is left largely to the discretion of the jury in the first instance and to the discretion of the trial judge on a motion for new trial. F.W. Woolworth Co. v. Bradbury, 273 Ala. 392, 140 So.2d 824 (1962).... Damages assessed by a jury are presumed to be correct and will not be set aside as excessive unless the amount is so great as to plainly indicate it was the result of passion, bias, prejudice, or improper motive. W.T. Ratliff Co. v. Henley, 405 So.2d 141 (Ala.1981); Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981).”
439 So.2d at 101.
There was medical testimony at trial that Timmy R. Cleveland received serious injuries, including a head injury which will likely cause him problems in the future. Moreover, in support of the wantonness count, there was testimony that the driver of the truck stated, both before and after the accident, that the truck's brakes were bad. A state trooper present at the scene of the accident testified, when asked why he was driving with defective brakes, that the truck driver responded “Well, they [Blue Star] made me drive it.”
There was ample evidence to support the verdict. For the above stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.

. The implication of Blue Star’s argument is that a reprosecution of this action would be barred by the one-year statute of limitations for personal injury actions contained in Ala.Code 1975, § 6-2-39. Section 6-2-8, however, provides:
"(a) If anyone entitled to commence any of the actions enumerated in this chapter is, ... at the time such right accrues, below the age of 19 years, ... he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action, ... provided, however, that no disability shall extend the period of limitations so as to allow such action to be commenced, entry made or defense made after the lapse of 20 years from the time the claim or right accrued.”
Thus, even if we were to accept Blue Star's argument that the substitution of parties was improper, Timmy R. Cleveland would have one year to refile the action upon reaching majority.