Plaintiff Jeanna Marie Barlow is a child; she will always be a child. She suffered severe and permanent brain damage at the time of her birth on January 6, 1971. The question of who, if anyone, was at fault in proximately causing her condition is not an issue before this Court. The sole question is whether her cause of action is time barred.
Jeanna's cause of action for medical malpractice accrued at the time of her birth. In 1975, four years later, the Alabama Legislature enacted the Medical Liability Act of Alabama, including a section now codified at § 6-5-482, Code 1975, which shortened the period of time that she had to bring a medical malpractice action, but allowed a minimum period of at least one year after § 6-5-482 became law to file such an action.
On April 25, 1984, nine years after § 6-5-482 was enacted, this medical malpractice action was filed on behalf of Jeanna by and through her father and next friend. The defendants answered, setting up the affirmative defense of the statute of limitations, and filed motions for summary judgment, claiming that Jeanna's cause of action was time barred by the statute of limitations contained in § 6-5-482, Code 1975. The motions for summary judgment were granted. Jeanna appealed and challenged the constitutionality of § 6-5-482.[1] *Page 1050 
Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56 (c), Ala.R.Civ.P.; Autrey v. BlueCross Blue Shield of Alabama, 481 So.2d 345 (Ala. 1985). Plaintiff's claim is time barred by § 6-5-482, and the trial court did not err in granting defendants' motions for summary judgment, if this code section is constitutional. We hold that this code section is constitutional, and we affirm.
As Justice Jones noted in Tucker v. Nichols, 431 So.2d 1263
(Ala. 1983), the "Act [§ 6-5-482, Code 1975] has an established history of withstanding constitutional attacks." Clearly, this is so.
The constitutionality of the Act was upheld in the following cases: Street v. City of Anniston, 381 So.2d 26 (Ala. 1980), and Thomas v. Niemann, 397 So.2d 90 (Ala. 1981) (§ 6-5-482 does not violate the single subject/express title requirement of § 45 of the Alabama Constitution of 1901); Reese v. Rankin FiteMemorial Hospital, 403 So.2d 158 (Ala. 1981) (§ 6-5-482 does not violate the due process or equal protection provisions of either the Alabama or Federal Constitutions, or the special (§ 104), private (§ 105), or local (§ 108), laws provisions of the Alabama Constitution); and Horn v. Citizens Hospital,425 So.2d 1065 (Ala. 1982) (§ 6-5-482) is not unconstitutional as an arbitrary classification.
Jeanna's most able counsel, armed with authority from the Supreme Courts of Texas[2] and Arizona[3] and Justice Jones's astute observation in his special concurrence in Reese v.Rankin Fite Memorial Hospital, supra ("The strongest argument against constitutional validity, in my opinion, is the one not addressed by either the majority or the dissent: that the statute's limitation of action[s] [§ 6-5-482] applicable to minors is violative of § 13 of the State Constitution"), contend that § 6-5-482 violates § 13 of the State Constitution insofar as minor medical malpractice claimants, such as Jeanna, are concerned.
In reference to the precursor of Section 13, of the Alabama Constitution, this Court in Swann Billups v. Kidd, 79 Ala. 431,432 (1885), wrote:
 "This clause is known to have been taken in substance from Magna Charta; and history shows that its chief purpose was to assail the existing evil of anciently holding courts in clandestine sessions, and of paying fines to the king and his officers, for delaying or expediting lawsuits, and for obtaining justice."
Section 13 prohibits the legislature of Alabama from making unreasonable, arbitrary, and oppressive modifications of fundamental rights. Thompson v. Wiik, Reimer Sweet,391 So.2d 1016 (Ala. 1980).
Justice Shores, in her concurring opinion in Fireman's FundAmerican Insurance Co. v. Coleman, 394 So.2d 334 (Ala. 1980), set forth the dual standards of review to be applied by the judiciary when legislation is challenged as violating § 13, Alabama Constitution. In reference to the first standard, Justice Shores wrote (at 352):
 "Legislation which abolishes or alters a common-law cause of action, then, or its enforcement through legal process, is automatically suspect under § 13. It is not, however, automatically invalid. Grantham [v. Denke, 359 So.2d 785 (Ala. 1978),] itself restates the established rule that such legislation will survive constitutional scrutiny if one of two conditions is satisfied:
 "1. The right is voluntarily relinquished by its possessor in exchange for equivalent benefits or protection, or
 "2. The legislation eradicates or ameliorates a perceived social evil and is thus a valid exercise of the police power." *Page 1051 
In reference to the second standard of review, which we hold is the applicable standard in this case, Justice Shores wrote (at 353):
 "Of the dozens of cases decided under § 13, however, there are many which involve no deprivation of common-law causes of action, and in which the Court has declined to exercise a stricter than normal standard of review. . . . In this type of case, § 13 is construed as a general prohibition against arbitrary and capricious governmental action. The Court quite properly exhibits a high degree of deference to the legislative decision-making process in these situations because the guidelines for review are so vague. Where common-law causes of action for injury are impaired, however, the mandate of § 13 is explicit."
Our first inquiry must be whether § 6-5-482 abolishes or alters a common law cause of action or its enforcement through legal process.
Alabama courts have long recognized that a minor has a well defined common-law cause of action to sue for injuries negligently inflicted by others. Blue Star Ready Mix v.Cleveland, 473 So.2d 497 (Ala. 1985).
In such a suit, the minor is the real party in interest; and if the suit is brought by the minor individually, it is not subject to dismissal on the ground of lack of capacity to sue.Blue Star Ready Mix v. Cleveland, supra.
Suit could have been filed by Jeanna at any time after the cause of action accrued, which was the date of her birth, and the action would not have been subject to being dismissed. BlueStar Ready Mix v. Cleveland, supra.
The Supreme Courts of Texas and Arizona base their decisions in Sax and Barrio on their interpretations of their respective laws providing that a child has no right to bring a cause of action on his or her own unless disability has been removed and that if a child does bring a cause of action in his or her own behalf, the action is subject to being abated upon a timely plea of the defendant.
Section 6-5-482 has been given the "pure" statute of limitations interpretation (see Justice Jones's concurring opinion in Thomas v. Niemann, supra, at 95); and therefore, in Justice Jones's words, "the medical malpractice statute of limitations, as now interpreted, aborts any dichotomy with § 13 of our State Constitution."
When the time within which a cause of action may be commenced is modified, no cause of action has been abolished (see concurring opinion of Justice Jones in Reese, supra, at 163, where he states that § 6-5-482 can withstand even the strongest constitutional attack, the "open court" provision of § 13).
Since § 6-5-482 involved no deprivation of a minor's common law cause of action, this Court's standard of review of the legislative enactment must be to determine if the act was arbitrary and capricious. Fireman's Fund American Insurance Co.v. Coleman, supra.
This Court has twice stated that the limitation is not unreasonable. Thomas v. Niemann, supra; Reese v. Rankin FiteMemorial Hospital, supra. This is in accord with our policy of exhibiting a high degree of deference to the legislative decision-making process, where common-law causes of action, or their enforcement, are not abolished or altered. Fireman's FundAmerican Insurance Co. v. Coleman, supra. To again hold that the limitation is not unreasonable is not a "foolish consistency."
In the case of Chase Securities Corp. v. Donaldson,325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945), the United States Supreme Court wrote:
 "Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, *Page 1052 
witnesses have died or disappeared, and evidence has been lost. Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788. They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable or unavoidable delay. They have come into law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a `fundamental' right or what used to be called a `natural' right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control."
Another expedient for having the statute of limitations shortened, insofar as medical malpractice claimants are concerned, is the method of determining the initial legal liability, vel non, of the physician. What is reasonable care, skill and diligence for a physician today will not — we hope — be the same 20 years or 15 years or 10 years or 5 years in the future. We hope that great strides can be made in the treatment of diseases which now torture and limit mankind; great strides have been made and, we hope, more will be made to prevent severe and permanent brain damage, such as Jeanna suffered at birth over 15 years ago, from happening to other children. "Today he can discover his errors of yesterday and tomorrow he may obtain new light on what he thinks himself sure of today." This portion of a prayer of the 12th Century Jewish physician and jurist, Moses Maimonides,[4] well expresses the hope of the medical profession and of this jurist.
For all of the foregoing reasons, we find § 6-5-482 of the Alabama Medical Liability Act to be constitutional. Summary judgment was properly granted.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
ALMON and BEATTY, JJ., concur in the result.
[1] Coston and Gloria Barlow, the parents, also sought individually to recover from the defendants for damages, which they alleged they suffered. Although both were named as parties to this appeal, as previously stated the sole issue presented for our review is whether Jeanna's cause of action is time barred.
[2] Sax v. Votteler, 648 S.W.2d 661 (Tex. 1983).
[3] Barrio v. San Manuel Division Hospital for Magma Copper Co.,143 Ariz. 101, 692 P.2d 280 (1984).
[4] "Your eternal providence has appointed me to watch over the life and health of your creatures. May the love of my art actuate me at all times; may neither avarice or miserliness, nor the thirst for glory or for a great reputation engage my mind, for the enemies of truth and philanthropy could easily deceive me and make me forgetful of my lofty aim of doing good to your children. May I never see in a patient anything but a fellow creature in pain. Grant me strength, time and opportunity always to correct what I have acquired, always to extend its domain, for knowledge is immense and the spirit of man can extend indefinitely to enrich itself daily with new requirements.
"Today he can discover his errors of yesterday and tomorrow he may obtain new light on what he thinks himself sure of today.
"O God, you have appointed me to watch over the life and death of your creatures. Here I am, ready for my vocation."