ALMON, Justice.
Ola Darlene Abernathy, a minor, sued Brookwood Health Services, American Medical International, Estes Long Term Care Hospital, Dr. Edward Shehi, Randolph Smith, Jo Kicker, Jennie Echols, Dr. Frank Kulik, Dr. A. Vickie Kulik, Dr. B.E. Blankenship, Dr. Gayle Jenzen, Dr. Clayton Shealy, and several fictitiously named parties for negligently and wantonly providing medical services and negligent or wanton failure to reasonably supervise the hospital ward on which she was a patient. The defendants filed a motion for summary judgment asserting that Abernathy’s claim was time-barred by Ala.Code 1975, § 6-5-482. The trial court granted summary judgment for the defendants, and Abernathy appeals.
In May 1983, Abernathy, who was twelve years old at the time, was admitted into the adolescent program at Brookwood Hospital’s mental health center. She was diagnosed with post-traumatic stress disorder, apparently the result of a car accident in which she had been involved. Abernathy remained hospitalized for about three weeks.
Abernathy alleges that while she was under the care of Brookwood Hospital, she was sexually assaulted by a nineteen-year-old male patient who was also in the adolescent program.
In September 1986, Abernathy filed this suit. The defendants moved for summary judgment, arguing that Ala.Code 1975, § 6-5-482, provided a two-year statute of limitations in medical liability cases. The defendants contend that because Abernathy filed suit three and one-half years after the claim arose the suit is time-barred. Abernathy argues that the appropriate time limit is four years.
Ala.Code 1975, § 6-5-482, states:
*564 “(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the. date of such discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission, or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.
“(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30, and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action.”
Subsection (b) states that the two-year limitation in (a) is subject to certain exceptions. One of the exceptions listed is Ala. Code 1975, § 6-2-8. Section 6-2-8 says that the statute of limitations is tolled in cases where the plaintiff is a minor. Section 6-5-482(b) then limits the exception by saying that, except where the plaintiff is under four years of age, the action shall be commenced no later than four years after the claim arose.
Abernathy was twelve years old at the time her claim arose. Because Abernathy was a minor at the time the claim arose, § 6-2-8 applies and tolls the statute of limitations. Abernathy filed suit less than four years after the claim arose. Therefore, the suit is not time-barred, and the trial court erred in ruling that it was.
Appellees Dr. Frank Kulik and Dr. A. Vickie Kulik claim as additional grounds for summary judgment that they had no duty to warn or protect Abernathy from the criminal acts of another patient on Abernathy’s ward and that there is no cause of action for negligent admission of a psychiatric patient. Appellee Blankenship claims as additional grounds for summary judgment that he had no duty to warn Abernathy or her father of people present in the ward with “problems”; to supervise all or any persons on the ward; to guard against or prevent the criminal attack of a third party; or to admit patients to Brook-wood Hospital.
The trial court did not address these arguments, and no affidavits or discovery materials regarding these issues are included in the record. Therefore, we cannot determine from the limited record before us whether any of these arguments have merit. The judgment based on the statute of limitations is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and HOUSTON, JJ., concur.