We granted the petitioner's request for review of the Court of Criminal Appeals' "no opinion" affirmance of the trial court's denial of the petitioner's third post-conviction petition pursuant to Rule 20, Temp.R.Crim.P. We affirm.
Cornelius Singleton was convicted for the robbery and murder of a Catholic nun in a Mobile cemetery and was sentenced to *Page 168 
death. Singleton's first conviction was reversed on the authority of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980), on remand, 396 So.2d 645 (Ala. 1981); andRitter v. State, 403 So.2d 154 (Ala. 1981), on remand,403 So.2d 158 (Ala. 1981); however, on remand, Singleton was again convicted and sentenced to death according to the Beck
guidelines set out at 396 So.2d 645. The original sentencing order in Singleton's second trial was withdrawn and replaced with an order that erroneously stated that Singleton had committed the instant offense while under a sentence of imprisonment.
Singleton's second conviction was upheld by the Court of Criminal Appeals, but that court ordered a new sentencing hearing. At the new sentencing hearing, the State conceded the error regarding Singleton's being under a sentence of imprisonment at the time this crime was committed. The trial court then entered a "Second Amended Sentencing Order" in which it weighed the aggravating and mitigating circumstances and then sentenced Singleton to death. This sentence was affirmed by the Court of Criminal Appeals, and the conviction and sentence were affirmed by this Court in Ex parte Singleton,465 So.2d 443 (Ala. 1985). The "Second Amended Sentencing Order" read, in part, as follows:
"FACTS CONCERNING THE CRIME
 "On the afternoon of November 12, 1977, Sister Ann Hogan, a fifty-one-year-old nun, walked to the Catholic Cemetery on Stone Street in Mobile, Alabama. November is All Souls month, and Sister Ann went to the cemetery to pray for the dead. While there and while praying for the dead, Sister Ann was approached by the defendant, Cornelius Singleton. After talking with [Singleton], Sister Ann told him she would pray for him. Sometime after Sister Ann told him that, the defendant robbed her and murdered her. He stole her watch from her and took it to his grandparents' house from which it was eventually recovered.
 "During the course of the crime, Sister Ann's panty hose was ripped, and her glasses, keys, and other personal items were scattered about the cemetery. Her neck, throat, head, and one of her legs were injured in the attack. After subduing the nun, who was only five feet four inches tall, the defendant tied her hands and legs together with her shoelaces and with strips torn from a towel. He also gagged her with a towel so that she could not scream for help. After dragging Sister Ann from the cemetery to a wooded area, the defendant buried her face down under a pile of rocks, bricks, a log or tree trunk, and other debris. She died from suffocation, which was caused or contributed to by the towel [Singleton] had knotted around her neck and stuffed into her mouth.
"AGGRAVATING CIRCUMSTANCES FINDINGS
". . . .
 "The capital offense was especially heinous, atrocious, or cruel compared to other capital offenses. While all capital offenses are heinous, atrocious, or cruel to some extent, this one was especially so. It involved the unprovoked and brutul murder of a nun who was in a cemetery praying for the dead. [Singleton] robbed and murdered her after she had told him she would pray for him. Death was not instantaneous, but on the contrary Sister Ann was terrorized and subjected to pain before she died. Furthermore, although this finding is not necessary to the conclusion, the evidence convinces the court that Sister Ann was buried alive, being suffocated by the towel only after she was bound hand and foot and buried face down under debris. This capital offense stands out among the common run of capital offenses as one that is outrageously and extremely wicked, vile, and shockingly evil. Accordingly, the § 13-11-6(8) aggravating circumstance does exist.
 "In summary, the court finds beyond a reasonable doubt and to a moral certainty that the § 13-11-6(4) [offense committed during the commission of a robbery] *Page 169 
and § 13-11-6(8) aggravating circumstances exist in this case."
As quoted in Singleton v. State, 465 So.2d 432, 441-42
(Ala.Crim.App. 1984), aff'd, Ex parte Singleton, 465 So.2d 443
(Ala. 1985).
The petition here under review is the result of the denial of Singleton's third coram nobis petition to the Mobile Circuit Court, following the imposition of the death sentence. Singleton's first coram nobis petition, alleging ineffective assistance of counsel, was dismissed on the joint motion of Singleton and the State so that Singleton could file a new petition stating the "ineffective assistance of counsel" ground with more specificity. Singleton's second coram nobis petition, alleging ineffective assistance of counsel, was denied by the circuit court. Singleton's application for permission to file an out-of-time appeal from that order was denied. Singleton's requests for relief through the federal courts were also denied.
Singleton's third coram nobis petition to the Mobile Circuit Court (actually a Rule 20 petition under the Temporary Rules of Criminal Procedure) raised only one issue:
"GROUNDS FOR THE PETITION
 "This Petition, while a successive Petition, is being brought on the grounds that subsequent to the filing of the previous Petition the United States Supreme Court has made a specific finding that one of the aggravating circumstances considered against this Petitioner by the trial court entering an imposition of the sentence of death is unconstitutionally void for vagueness due to the fact that it lacks any guidance as to when and under what circumstances said aggravating circumstance should be applied. This aggravating circumstance is that the crime or offense in its perpetration was 'especially heinous, atrocious, or cruel.' "
The State moved to dismiss Singleton's petition as a procedurally barred successive petition. The circuit court dismissed the petition and issued a memorandum opinion, holding, in part, as follows:
 "This order involves the latest coram nobis (Rule 20) petition Singleton has filed in [the circuit] court. This latest petition is Singleton's third coram nobis or Rule 20 petition. It raises a single ground for relief, and that ground is the United States Supreme Court's decision in Maynard v. Cartwright, [486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372, (1988)], which Singleton contends invalidates the Code of Alabama
1975, § 13-11-6(8), aggravating circumstance that the capital offense was 'especially heinous, atrocious or cruel.' That was one of two aggravating circumstances which were found and considered by [the circuit] court in sentencing Singleton to death on September 21, 1983.
 ". . . . [O]n direct appeal, and in his two previous coram nobis (Rule 20) petitions, Singleton did not challenge . . . the constitutionality of the § 13-11-6(8) aggravating circumstance, nor did he contend that it was not applicable to his case. In view of that, [the] court holds that Singleton's latest petition and the single ground that it avers is procedurally barred and due to be dismissed with prejudice. There are three reasons why this latest petition and ground of relief are procedurally barred.
 "First, the petition and ground for relief are procedurally barred under Temporary Rule of Criminal Procedure 20.2(a)(3), which precludes granting relief on any ground that 'could have been but was not raised at trial.' Although Temporary Rule of Criminal Procedure 20 did not become effective until April 1, 1987, the same procedural bar existed under prior case law. See, e.g., Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486, cert. denied, 377 U.S. 919 [84 S.Ct. 1185, 12 L.Ed.2d 188] (1964); and Summers v. State, 366 So.2d 336 (Ala.Cr.App. 1978), cert. denied, 366 So.2d 346 (Ala. 1979). Therefore, the sole ground of relief in this petition is precluded under Rule 20.2(a)(3) and its case law predecessors.
 "Secondly, the petition and the single ground of relief it contains is procedurally barred under Temporary Rule of Criminal Procedure 20.2(a)(5), because it is a ground that 'could have been but was not raised on appeal.' While Rule 20.2(a)(5) *Page 170 
did not become effective until April 1, 1987, the same procedural bar existed under earlier case law which was in effect at the time of Singleton's appeal. See, e.g., Ex parte Ellison, 410 So.2d 130
(Ala. 1982); Thigpen v. State, 374 So.2d 301 [401] (Ala.Cr.App.), cert. denied, 374 So.2d 406 (Ala. 1979); and Summers v. State, 366 So.2d 346 (Ala. 1979). Therefore, Singleton's latest petition and ground for relief is procedurally barred under Rule 20.2(a)(5) and its case law predecessors.
 "Third, the petition and ground of relief are procedurally barred under the successive petition rule of Temporary Rule of Criminal Procedure 20.2(b) which provides that '[a] second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.' While Rule 20.2(b) did not go into effect until April 1, 1987, that rule is based upon case law which was in existence at the time of Singleton's 1986 coram nobis petition. See, e.g., McLeod v. State, 415 So.2d 1232, 1233
(Ala.Cr.App. 1982). [Singleton] has not shown or offered to show that good cause exists why his contention that the § 13-11-6(8) aggravating circumstance is unconstitutional was not known to him and could not have been ascertained through reasonable diligence when his previous coram nobis petition was filed in May of 1986 and denied in December of 1986. Nor has petitioner shown or attempted to show that failure to entertain this successive petition will result in a miscarriage of justice.
 "The fact that [Singleton's] sole ground for relief in this latest coram nobis (Rule 20) petition cites or relies upon Maynard v. Cartwright, [486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988)], does not mean that any of the three procedural bars discussed previously do not apply. The Supreme Court made it clear in Cartwright that the decision in that case was based upon the earlier decision of Godfrey v. Georgia, 446 U.S. 420 [100 S.Ct. 1759, 64 L.Ed.2d 398] (1980). The Supreme Court described its 1980 decision in Godfrey as 'very relevant here,' and concluded that 'the Court of Appeals was quite right in holding that Godfrey controls this case.' Thus, the very recent decision in Cartwright, which Singleton relies upon as a new basis for relief, was itself based upon an eight-year-old decision which controlled the result. It is true that the Cartwright decision was not available to Singleton at the time of his retrial and sentencing in November and December of 1981, in his subsequent direct appeal, or in his first two coram nobis proceedings. However, it is equally true that the 1980 decision in Godfrey, which the Supreme Court itself held to be controlling in Cartwright, was available to Singleton at his retrial and sentencing, on direct appeal, and at the time of both of his previous coram nobis petitions. Therefore, the ground of relief which he has put forward is not truly a 'new ground' nor is it a ground which he could not have known or ascertained through reasonable diligence at the time of his retrial and resentencing, his direct appeal, and his first two coram nobis petitions.
 "While the court finds that this latest coram nobis (Rule 20) petition is procedurally barred and the court does not intend to address the merits of the ground for relief that it avers, the court does note that the jury was not permited to consider the § 13-11-6(8) aggravating circumstance of 'especially heinous, atrocious or cruel.' Therefore, there could not conceivably have been any error at the advisory jury sentence stage and thus no 'miscarriage of justice' within the meaning of Rule 20.2(b).
 "Furthermore, . . . at the time [the circuit court] entered its September 21, 1983, resentencing order when the case was on remand from the appellate courts, the court had abundant and clear guidance from the appellate courts concerning *Page 171 
the interpretation and proper application of the § 13-11-6(8) aggravating circumstance. The very first Alabama appellate court decision under the 1975 capital punishment statute, which is the one applicable to Singleton, was Jacobs v. State, 361 So.2d 607, 633 (Ala.Cr.App. 1977), aff'd, 361 So.2d 640 (Ala. 1978), cert. denied, 439 U.S. 1122
[99 S.Ct. 1034, 59 L.Ed.2d 83] (1979). In its Jacobs opinion, 361 So.2d at 633, the Alabama Court of Criminal Appeals expressly adopted the same limiting construction placed upon the 'especially heinous, atrocious or cruel' aggravating circumstance that the Florida Supreme Court had adopted in State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied sub nom. Hunter v. Florida, 416 U.S. 943 [94 S.Ct. 1950, 40 L.Ed.2d 295] (1974). That construction of the aggravating circumstance language, which provided guidance to [the circuit court] when it sentenced Singleton in 1983, has been upheld as constitutionally valid and sufficient by the United States Supreme Court. Proffitt v. Florida, 428 U.S. 242, 255-56
[96 S.Ct. 2960, 2968, 49 L.Ed.2d 913] (1976). ('We cannot say that the provision, as so construed, provides inadequate guidance to those charged with the duty of recommending or imposing sentences in capital cases.') At the time its 1983 sentence order was entered, the court also had the benefit of the Alabama Supreme Court's additional guidance concerning this aggravating circumstance in Ex parte Kyzer, 399 So.2d 330, 333-34 (Ala. 1981). As the 1983 sentence order indicates, the court followed the Jacobs and Kyzer guidance concerning the aggravating circumstance's limited construction and application. See Singleton v. State, 465 So.2d 432, 441-42 (Ala.Cr.App. 1983). Thus, there can be no basis for any 'miscarriage of justice' exception under Rule 20.2(b)."
The Court of Criminal Appeals affirmed, without opinion, the denial of the third coram nobis petition. After careful review of each of the cases cited in the trial court's memorandum opinion and a review of the briefs and oral arguments of counsel for the parties, we adopt the above-quoted portion of the court's memorandum opinion as the opinion of this Court. Thus, we affirm the Court of Criminal Appeals' affirmance of the trial court's judgment dismissing Singleton's Rule 20 petition as procedurally barred.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.