BOWEN, Judge.
This Court affirmed the petitioner’s 1973 convictions for assault with intent to murder and his two convictions for murder. Winstead v. State, 53 Ala.App. 222, 298 So.2d 642, cert. denied, 292 Ala. 761, 298 So.2d 646 (1974). A petition for writ of error coram nobis was summarily denied by the circuit court in 1977. In December of 1988, the petitioner, with the assistance of counsel, filed a “petition for writs of error coram nobis, habeas corpus and other relief.” That petition was denied in March of 1989 after an evidentiary hearing. This appeal is from that denial.
I
The petitioner argues that at his trial the State used an involuntary incriminating statement made by him for impeachment in violation of Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978)
Under Rule 20.4, A.R.Cr.P.Temp., the “petition for writs of error coram nobis, habeas corpus and other relief” must be treated as a petition for post-conviction relief under Rule 20, A.R.Cr.P.Temp. Rule 20.2(a)(5) provides: “A petitioner will not be given relief under this rule based upon any ground ... [w]hich could have been but was not raised on appeal....”
Although Mincey was decided four years after the petitioner’s trial, the particular holding in that case that “any criminal trial use against a defendant of his involuntary statement is a denial of due process of law,” Mincey, 437 U.S. at 398, 98 S.Ct. at 2416, was based on well-established and long-standing legal principles. See Ingram v. State, 252 Ala. 497, 499, 42 So.2d 36 (1949). As early as 1855, the Alabama Supreme Court held that “[b]efore any confession can be received in evidence, in a criminal case, it must be shown that it was voluntary.” Brister v. State, 26 Ala. 107, *966 128 (1855). See also Miller v. State, 40 Ala. 54, 58 (1866) (“The law is well settled, that before a confession can be admitted in evidence to the jury, it should be shown, prima facie, to have been voluntarily made.”).
We have examined the transcript of the petitioner’s trial. That record shows that defense counsel objected when the State, on its case in rebuttal, attempted to introduce the statement of the petitioner into evidence in order to impeach the petitioner’s trial testimony. One of the grounds of the objection was that the statement was involuntary because the petitioner was “in a hospital in extreme pain and suffering.” After an evidentiary hearing on the issue of voluntariness, at which a police officer testified that the petitioner was “wide awake and alert,” the trial judge found that the statement was voluntary: “The Court does not feel that the defendant was not in condition to understand his rights. There is no evidence to that effect.” Under these circumstances, it is clear to this Court that the issue of the State’s use of the alleged involuntary statement could have been raised on direct appeal. Therefore, the petitioner is precluded from raising this issue in a petition for post-conviction relief. Ex parte Thomas, 549 So.2d 95 (Ala.1989); Ex parte Singleton, 548 So.2d 167 (Ala.1989). His “failure to raise this issue on his appeal cannot be remedied in a Rule 20 proceeding.” Ex parte Lockett, 548 So.2d 1045 (Ala.1989).
II
The petitioner further contends that he is entitled to a new trial on the basis of newly discovered evidence. That evidence is the testimony of Ray Wilson, an alleged eyewitness, who fled after the incident from which the petitioner’s convictions arose and who did not testify at the petitioner’s trial.
In his order denying the petition, the circuit judge made specific findings of fact, as required by Rule 20.9(d). With regard to the alleged newly discovered evidence, he found:
“That the testimony of Mr. Wilson is not believable, and that Mr. Wilson is not a credible witness, having been convicted of numerous crimes and offenses, and at present is serving 263 years in the penitentiary. In reviewing Mr. Wilson’s testimony during the evidentiary hearing, taking into consideration his statement to the police in 1972, the Court feels very much justified in making such finding that Mr. Wilson’s testimony during this hearing is unbelievable. In fact, in some places, said testimony is in conflict to the testimony of the Petitioner/Defendant during his trial back in 1973.
“The Court could not, under any stretch of the imagination, consider the testimony of Neuburn Ray Wilson as newly discovered evidence, and so makes the following finding of fact:
“That said testimony is not newly discovered evidence. Without enumerating each and every paragraph in said petition, the Court finds some conflicts with the petition and the actual transcript of the testimony taken during the trial in 1973.
“The Petitioner/Defendant had previously filed a Petition for Writ of Error Coram Nobis that was denied by this Court on April 19, 1977, and no appeal at that time having been taken, nor had the issue presented at the above-mentioned evidentiary hearing presented to this Court at that time.”
The circuit court properly denied the petition where it did not believe the petitioner’s newly discovered witness:
“[A petition for post-conviction relief] is not some ‘probable cause' hearing at which the trial judge determines whether the petitioner/defendant should be accorded a new trial so that the trier of fact will have the benefit of the additional testimony.
“To the contrary, these decisions clearly show that the trial judge must ‘believe’ the testimony and that the burden on petitioner is to submit clear, full and satisfactory proof of his assertions for relief.” Seibert v. State, 343 So.2d 788, 790 (Ala.1977). (Emphasis in original.)
Under Rule 20.3, the petitioner has “the burden of pleading and proving by a pre *967 ponderance of the evidence the facts necessary to entitle him to relief.” Here, the petitioner did not carry that burden.
“ ‘In a coram nobis proceeding the petitioner bears the burden of submitting clear, full and satisfactory proof of matters which, had they been timely submitted at trial, would have prevented a judgment of conviction ... This burden extends beyond a mere balancing of probabilities to clearly and convincingly satisfy the court ...
“ ‘The degree of proof is “highly exacting as to facts ‘and always means more than reasonably satisfying.’ ” The petitioner must convince the trial judge of the truth of his allegation and the judge must “believe” the testimony.’ Summers v. State, 366 So.2d 336, 343 (Ala.Cr.App.1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala.1979) (citations omitted).
“ ‘Even where conflicting evidence is presented at a hearing on a petition for writ of error coram nobis, the trial judge must “believe” the evidence offered by the petitioner before he will be justified in granting relief. Seibert v. State, 343 So.2d 788, 790 (Ala.1977).’ Howton v. State, 432 So.2d 548, 550 (Ala.Cr.App.1983).
“ ‘This Court cannot pass upon the credibility of witnesses,’ Grimes v. State, 24 Ala.App. 419, 136 So. 485 (1931), nor ‘pass judgment on its possible truthfulness or falsity.’ Fagan v. State, 35 Ala.App. 13, 17, 44 So.2d 634, cert. denied, 253 Ala. 444, 44 So.2d 638 (1949).” Clemmons v. State, 459 So.2d 997, 998 (Ala.Cr.App.1984).
“[Cjases dealing with the writ of error coram nobis may be used in interpreting Rule 20.” Lockett, supra.
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.