THIGPEN, Judge,
dissenting.
I do not agree that the judgment must be reversed for the trial court to dismiss the action for lack of capacity to sue. It appears to me that Barlow v. Humana, Inc., 495 So.2d 1048 (Ala.1986), and Blue Star Ready Mix v. Cleveland, 473 So.2d 497 (Ala.1985), preclude the dismissal of the minor’s cause of action on the sole grounds of incapacity to *314 bring an action in his or her own name; as such, the trial court should have allowed the complaint to be amended to include a guardian or next friend. I conclude that by hearing the case and rendering a judgment on the merits while the plaintiff was a minor, the trial court, by implication, denied the motion to dismiss for want of capacity. Inasmuch as the trial court rendered a judgment favorable to the minor, I would conclude that the error, if any, was harmless. Rule 45, A.R.App.P.
Having so concluded, I now determine that this court should address the issue presented on appeal; i.e., is a child not of divorced parents, who is not disabled or of an unmarried union, entitled to bring an action for post-minority support for education purposes? Our Supreme Court has answered that query for purposes of children of divorce in Ex parte Bayliss, 550 So.2d 986 (Ala.1989); for children of unmarried couples as in Ex parte Jones, 592 So.2d 608 (Ala.1991); and for disabled children as in Ex parte Brewington, 445 So.2d 294 (Ala.1983). No case with this precise set of facts has been presented for appellate review. For the foregoing reasons, I conclude that this court should address this case on its merits as argued in the appellant’s brief.
MONROE, J., concurs.