Alabama Code 1975, § 6-5-482(b), provides:
 "Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely [here are set out 14 Code sections, including § 6-2-8]; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission, or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action."
(Emphasis added.)
This proviso countermands all of § 6-2-8, as it relates to the "commencement of actions" — the "actions" it refers to are "actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort." See § 6-5-482(a). It clearly does.
Abernathy v. Brookwood Health Services, 534 So.2d 563
(Ala. 1988), in which I concurred, went in a rather circuitous way to explain that § 6-5-482(b) applied in that case. However, if Abernathy held that § 6-2-8 applied in actions against health care providers, then Abernathy is wrong; and if it did, then I make my mea culpa by quoting Jackson v. City ofFlorence, 294 Ala. 592, 598, 320 So.2d 68 (1975), in which Justice Shores wrote for a majority of this Court: "As strongly as we believe in the stability of the law, we also recognize that there is merit, if not honor, in admitting prior mistakes and correcting them."
Alabama Code 1975, § 6-2-8, does not apply in medical liability actions. Section 6-5-482(b) applies to actions by minors brought under the Alabama Medical Liability Act. Because Laura was nine years old at the time of the "act, omission, or failure" complained of, she had four years after the "act, omission, or failure" to file an action. The action was filed within this time period, and, although the designation of the parties is not as clear as it could be, it is obvious from reading the complaint that Laura is seeking to recover for injuries she alleges were negligently inflicted by the defendants; as a minor, she had a right to seek such a recovery. See Barlow v. Humana, Inc., 495 So.2d 1048
(Ala. 1986). It is probable that if the complaint had sought damages that could have been recovered only by Laura's parents, the claim for those damages would have been barred by the two-year statute of limitations (§ 6-5-482(a)); however, that is not the issue before us.